FILED
JAMES BONINI
CLERK

2011 JUN 22 PM 3: 21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

VINCENT LUCAS, )
                         ) CASE NO. 1:11 CV 409
    Plaintiff, )
                         ) Judge Barrett
v. )
                         )
WEST ASSET MANAGEMENT, INC., )
                         )
    Defendant. )
                         )

### NOTICE OF REMOVAL
### BY DEFENDANT WEST ASSET MANAGEMENT, INC.

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant West Asset Management, Inc. (hereinafter referred to as "WAM") hereby removes the above-captioned civil action from the Court of Common Pleas for Clermont County, Ohio to the United States District Court for the Southern District of Ohio. The removal of this civil case is proper because:

    1.     On May 20, 2011 Plaintiff Vincent Lucas, acting *pro se*, filed in the Court of Common Pleas for Clermont County, Ohio (hereinafter referred to as the "State Court") a "Complaint" to initiate a civil action entitled *"Vincent Lucas v. West Asset Management, Inc."* (hereinafter referred to as "the State Court Action"), pending at No. 2011 CVC 00876 on the docket of the State Court.

    2.     Attached hereto as "Exhibit A," "Exhibit B," and "Exhibit C," respectively, are true and correct copies of all process, pleadings, and orders served upon defendant WAM and entered by the State Court in the State Court Action.

3. On May 24, 2011, the clerk of the State Court issued a Summons, directing WAM to respond to the Complaint filed in the State Court Action. (*See* "Exhibit B," copy of Summons issued and filed in the State Court Action.)

4. On May 26, 2011 WAM received by United States Certified Mail the Summons issued by the State Court clerk and a copy of the Complaint filed in the State Court Action. (*See* "Exhibit C," copy of certified mail delivery receipt filed in the State Court Action.)

5. Attached hereto as "Exhibit D" is a copy of the docket sheet for the State Court Action, and to the best of WAM's knowledge, and according to the record of the State Court Action maintained by the State Court clerk in electronic format available via the Internet at http://www.clermontclerk.org/pa/gdpa.urd/PAMW6500 (*see* "Exhibit D"), the only proceedings that have taken place in the State Court Action following the filing of Plaintiff's Complaint on May 20, 2011 are as follows:

    a. The State Court clerk's issuance and filing of the Summons on May 24, 2011;

    b. Plaintiff's mailing of the summons and a copy of the complaint to WAM by United States Mail sometime between May 24 and May 26, 2011;

    c. WAM's receipt of the Summons and a copy of the Complaint on May 26, 2011; and

    d. Plaintiff's filing in the record of the State Court Action on June 6, 2011 of the U.S. Postal Service's certified mail return receipt, showing WAM's receipt of the Summons and a copy of the Complaint on May 26, 2011.

6. Plaintiff Vincent Lucas's claim against WAM is based upon the U.S. Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as the "FDCPA"), and the U.S. Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter referred to as the "TCPA").

7. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claim, because the complaint filed in the State Court Action presents federal questions arising under the FDCPA and the TCPA.

8. Pursuant to 28 U.S.C. § 1441(a), the State Court Action is removable to this Honorable Court, because it is a civil action, brought in a state court, over which the district courts of the United States have original jurisdiction.

9. According to the allegations of the complaint filed in the State Court Action, Plaintiff also seeks to base his claim against WAM under various provisions of Ohio state law.

10. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claim to the extent that it is based on Ohio state law.

11. WAM is filing this Notice of Removal timely under 28 U.S.C. § 1446(b), because WAM is filing it within thirty (30) days after WAM's receipt of the initial pleading setting forth the claim for relief by Plaintiff.

12. WAM is serving a copy of this Notice of Removal upon Plaintiff Vincent Lucas and is concurrently filing with the clerk of the State Court a Notice of Filing Notice of Removal, a copy of which is attached hereto as "Exhibit E," and which itself has attached to it a copy of this Notice of Removal.

WHEREFORE, Defendant WAM hereby removes the State Court Action to this Honorable Court.

Dated: June 22, 2011.

Respectfully submitted,

/s/ *James Brudny, Jr.*
James Brudny, Jr.
Trial Attorney
Reminger Co., L.P.A.
65 East State Street
4th Floor
Columbus, OH 43215
Telephone: (614) 228-1311
Facsimile: (614) 232-2410
E-mail: jbrudny@Reminger.com

*Attorneys for Defendant*
*West Asset Management, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 22, 2011 I served by United States first-class mail, postage prepaid and properly addressed, a true and exact copy of the above and foregoing **NOTICE OF REMOVAL BY DEFENDANT WEST ASSET MANAGEMENT, INC.** on Plaintiff Vincent Lucas, who is acting *pro se* in this matter, at the following address:

Vincent Lucas, Plaintiff *Pro Se*
7 Arrowhead Drive
Amelia, OH 45102

/s/ *James Brudny, Jr.*
James Brudny, Jr.
E-mail: jbrudny@Reminger.com

4