IN THE COURT OF COMMON PLEAS
FOR CLERMONT COUNTY, OHIO

2011CVC 876

VINCENT LUCAS
7 Arrowhead Dr.
Amelia, OH 45102
Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.
2703 N. Highway 75
Sherman, TX 75090
Defendant.

JUDGE FERENC

COMPLAINT

JURY TRIAL DEMANDED

1. Violation of the Federal Telephone Consumer Protection Act (47 USC § 227, 47 CFR § 64.1200)

2. Violation of the Ohio Telemarketing Act (Ohio Rev. Code § 109.87) and Ohio Telephone Solicitation Act (Ohio Rev. Code § 4719)

3. Violation of Federal Fair Debt Collection Practices Act (15 USC § 1692 et seq.)

4. Invasion of privacy by unreasonable intrusion

5. Negligence

6. Nuisance

1. In July 2002, the Cincinnati Bell assigned the phone number (513) 947-1695 to Vincent Lucas's residential telephone line in Amelia, Ohio. That phone number has been assigned to his residential phone line ever since. Since Vincent Lucas ("Lucas") purchased his residence, no other person has lived at that residence.

1

Exhibit A
to Notice of Removal by Defendant West Asset Management, Inc.



2. The phone number (513) 947-1695 is on the national Do Not Call registry (http://donotcall.gov) and has been since July 1, 2003.

3. West Asset Management does not have an "established business relationship" with Lucas as that term is defined in 47 USC § 227(a)(2) and 47 CFR § 64.1200(f)(4) and Lucas has not given West Asset Management express invitation or permission to call him.

4. On April 1, 2011 at 4:24 p.m., Lucas received the following message on his answering machine.

> Message for Wilson Baker. If this is Wilson Baker, please press one now. To place this call on hold to allow time for this person to come to the phone, please press two. If this person is not available, please press three.

The message was delivered to Lucas's residential phone line (513) 947-1695 using an artificial voice. The message does not state the identity of the caller or the phone number from which the call was made. Lucas's caller ID showed that the message came from (214) 506-7193, but did not show the identity of the caller. Much later, on May 9, 2011, Lucas learned that the caller was West Asset Management.

5. West Asset Management called Lucas's (513) 947-1695 phone number again from (214) 506-7193 on April 2, 2011 at 12:44 p.m., April 4 at 3:29 p.m., April 5 at 1:25 p.m., April 6 at 1:44 p.m., April 7 at 1:46 p.m., April 8 at 11:43 a.m., April 11 at 2:09 p.m., April 14 at 6:40 p.m., and April 29 at 4:53 p.m., from (888) 517-7852 on May 4 at 8:07 p.m., and from another phone number on May 9 at 4:19 p.m. Each time, West Asset Management left the exact same message as before on Lucas's answering machine, using an artificial voice.

2

6. During one of the calls described in Paragraph 5, Lucas picked up the phone during the automated message and pressed three. The subsequent automated phone prompts did not provide an option for Lucas to indicate that Wilson Baker does not live at the residence associated with Lucas's phone number or an option to remove Lucas's phone number from West Asset Management's calling list. Thereafter, Lucas continued to receive automated calls from West Asset Management.

7. During the automated message that West Asset Management delivered on May 9, 2011, Lucas picked up the phone and pressed one (which appeared to be the only option that would allow him to speak to a live person). The person to whom Lucas spoke said that the caller is West Asset Management and that the purpose of the call was to collect a debt. That person from West Asset Management also said that West Asset Management would provide the following services to the debtor in exchange for payment of the debt: West Asset Management would report to the credit reporting agencies that the debt has been paid and communicate to the creditor that the debt has been paid.

8. Lucas has suffered actual economic loss as a result of the actions of the West Asset Management described above. West Asset Management's actions have wasted the time of Lucas. If it were not for the actions of West Asset Management, Lucas could have used that time to earn money by working more hours at his occupation.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the claims herein pursuant to 47 USC § 227(b)(3), 47 USC § 227(c)(5), 15 USC § 1692k(d), and Ohio Rev. Code § 2305.01. This venue is appropriate

3

because all the telephone calls described in the preceding paragraphs were received in Clermont County, Ohio.

## CAUSES OF ACTION

### VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), OHIO TELEMARKETING ACT, AND OHIO TELEPHONE SOLICITATION ACT

10. The Defendant willfully violated the Federal Telephone Consumer Protection Act and Ohio Telephone Solicitation Act by the actions described in ¶¶ 3-7. Namely,

- the telephone calls were made to a residential line using an artificial voice (47 USC § 227(b)(1)(B));
- the calls were made to a number listed on the national Do Not Call registry (47 USC § 227(c)); and
- the calls did not state the identity and telephone number or address of the entity making the call (47 USC § 227(d)(3)(A), Ohio Rev. Code § 4719.06).

11. The actions prohibited under the TCPA are also prohibited under the Ohio Telemarketing Act at Ohio Rev. Code § 109.87(B)(1).

### VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

12. The natural consequence of the actions of the Defendant described in ¶¶ 3-7 was to harass and abuse the Plaintiff in violation of 15 USC § 1692d. The Defendant's violation of 15 USC § 1692d was intentional.

4

## INVASION OF PRIVACY

13. The persistent, unwanted telephone calls made by the Defendant as described in ¶¶ 3-7 invaded the Plaintiff's right to privacy by unreasonable intrusion into the solitude and seclusion of his home.

## NEGLIGENCE

14. The Plaintiff incorporates by reference the allegations in all the preceding paragraphs.

15. The Defendant was negligent in repeatedly calling the Plaintiff at (513) 947-1695 to speak to Wilson Baker, when that telephone number has been assigned to the Plaintiff, not Wilson Baker, for more than EIGHT YEARS.

16. The Defendant was negligent in calling the Plaintiff using a computerized calling system that did not give the Plaintiff an option to indicate that Wilson Baker does not live at the residence associated with the Plaintiff's phone number or an option to remove the Plaintiff's phone number from the Defendant's calling list.

17. The Defendant was negligent per se in violating the Federal Telephone Consumer Protection Act, Federal Fair Debt Collection Practices Act, Ohio Telephone Solicitation Act, and Ohio Telemarketing Act.

## NUISANCE

18. The actions of the Defendant described in ¶¶ 3-7 are a nuisance which has interfered with the Plaintiff's lawful enjoyment of his home.

5

WHEREFORE, the Plaintiff asks that the Court grant him the following relief:

1. Award the Plaintiff $19,000 plus actual damages. This amount equals $1500 for each call which violated the TPCA (47 USC § 227(b)(3) and (c)(5)) plus $1000 and actual damages for the violation of the FDCPA (15 USC § 1692k(a)),
2. Award the Plaintiff costs, attorney fees, and interest,
3. Issue a permanent order requiring West Asset Management to pay the Plaintiff $1500 each and every time in the future that they call the Plaintiff, and
4. Such further relief as may be appropriate.

Respectfully submitted,

Vincent Lucas, Plaintiff